**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WILLIAM DOYLE *on behalf of himself and all others similarly situated,* | : <br> : <br> : |
| Plaintiff, | Case No. 5:24-cv-01024 |
| | : <br> : |
| v. | : <br> : |
| FRANKLIN & MARSHALL COLLEGE | Electronically Filed |
| | : <br> : |
| Defendant | : <br> : |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFF'S COMPLAINT**

Defendant Franklin & Marshall College ("F&M" or "Defendant"), by and through its counsel, Saul Ewing LLP, respectfully submits this Answer and Affirmative Defenses to the Complaint (the "Complaint") of Plaintiff William Doyle (the "Plaintiff" or "Doyle").

**NATURE OF THE ACTION**

1.      Higher education is no different from any other industry in as much as consumers (/.e., students) have the ability to shop between different educational products offered by competitive institutions before ultimately purchasing the product that is right for them.

**ANSWER:**   Denied.

2.      Some colleges and universities offer an educational product without access to a campus or in-person community, while others offer an educational product with access to a varied suite of services, activities, facilities and experiences through an on-campus, in-person educational experience

**ANSWER:**   Admitted only that some colleges and universities offer education without a campus or in-person instruction, others offer on-campus services and facilities and in-

person instruction, and many offer a hybrid of both. Defendant denies the remaining allegations of this paragraph.

3.       Plaintiff, an undergraduate student during the Spring 2020 semester, paid tuition and fees to enroll in FMC's on-campus, in-person education program, including all the benefits and services associated therewith for the entirety of the semester.

**ANSWER:**   Admitted in part, denied in part. Plaintiff was an undergraduate student during the Spring 2020 semester, paid tuition and fees, and was enrolled in a degree program offered through primarily in-person instruction. However, F&M is without sufficient knowledge or information to form a belief as to what Plaintiff means by "the benefits and services associated therewith" and as such the remaining allegations of this paragraph are denied.

4.       Plaintiffs paid-for experience was not provided throughout the Spring 2020 semester, when that in-person educational experience was taken away from Plaintiff and other students at FMC.

**ANSWER:**   Admitted in part, denied in part. F&M admits that, due to government orders issued in light of the COVID-19 pandemic, it was prohibited from providing in-person instruction for the full duration of the Spring 2020 semester. F&M denies it cut short Plaintiff's or other students' "paid-for experience." The remaining allegations of this paragraph merely recount Plaintiff's characterization of the case and, as such, do not require a response from Defendant. To the extent that a response is required, Defendant denies the remaining allegations of this paragraph.

5.       In March 2020, in response to the outbreak of the SARS-CoV-2 virus, the virus that causes the COVID-19 disease (the "COVID-19 pandemic"), FMC, like many other colleges, transitioned to remote online-only education, canceled on-campus recreational events, canceled student activity events, and ordered students to refrain from going on campus.

**ANSWER:**   Admitted in part, denied in part. Admitted that in March 2020, in response to government orders issued in light of the COVID-19 pandemic, F&M, like many other colleges and universities, was forced to terminate in-person instruction and to transition to primarily online instruction, with some exceptions (*e.g.*, the continuation of some laboratory research-based work). Similarly, it is admitted that, on March 18, 2020, F&M instructed those students who were located off-campus to refrain from coming to campus the remainder of the Spring semester (although, at all times there were some exceptions permitting College students and personnel to be present on-campus), and accordingly canceled many "on-campus recreational events." These actions were mandated by the

- 2 -

Governor of the Commonwealth, for the health and safety of the F&M community. *See* March 18, 2020 announcement, attached as Exhibit "A". F&M is without sufficient knowledge or information to form a belief as to what Plaintiff means by "student activity events" and, as such, the allegation that F&M canceled such events is denied.

6.      As a result, all on-campus education, services, and amenities were no longer available to FMC students for the remainder of the Spring 2020 semester.

**ANSWER:**   Admitted in part, denied in part. F&M admits that, as a result of government orders, it no longer could provide in-person instruction for the remainder of the Spring 2020 semester. F&M denies the remaining allegations of this paragraph. By way of further answer, F&M continued its operations through the Spring 2020 semester and Plaintiff continued to receive the benefit of those operations, including instruction in the classes in which he enrolled that semester, other services and amenities, and the award of associated academic credits.

7.      Despite the harsh reality that students could no longer enjoy the benefit of the bargain for which they pre-paid, FMC refused to provide a prorated refund of tuition or fees tied to its on-campus education, services, and amenities that were not available to students for a significant part of the Spring 2020 semester.

**ANSWER:**   Admitted in part, denied in part. Admitted only that F&M did not provide a pro-rated refund of tuition or of certain fees during the Spring 2020 semester in connection with the COVID-19 pandemic. F&M did refund a portion of housing and meal plan fees and continued its operations through the Spring 2020 semester.  Plaintiff continued to receive the benefit of those operations, instruction in the classes in which he enrolled that semester, other services and amenities, and the award of associated academic credits. Denied as a legal conclusion that F&M deprived students "the benefit of the bargain for which they pre-paid;" to the extent that averment is deemed to be factual, it is denied. Moreover, F&M distributed Coronavirus Aid, Relief, and Economic Security ("CARES") Act and related monies to Plaintiff and other students to help cover their tuition and other Spring 2020 semester expenses.

8.      Accordingly, FMC's students lost the benefits of the bargain for services, access, and the experience they paid for but could no longer access or use following the school's transition to remote learning in March 2020.

**ANSWER:**   Denied as a legal conclusion to which no response is required.  To the extent this averment is deemed to be factual, denied.  By way of further answer, F&M continued its operations through the Spring 2020 semester and Plaintiff continued to receive the benefit of those operations, including instruction in the classes in which he enrolled that

- 3 -

semester, other services and amenities, and the award of associated academic credits. Moreover, F&M never promised it would deliver Plaintiff or any other student in-person instruction or unfettered access to its campus regardless of the circumstances, and expressly reserved the right in its course catalog to "the right to amend any administrative, academic or disciplinary policy or regulation described in [its course catalog], without prior notice…" *See* Excerpt from 2019-20 Course Catalog, attached as Exhibit "B", at II.

9.      By not giving prorated refunds for tuition or fees charged for on- campus education and services not provided, FMC breached its contracts with students or was otherwise unjustly enriched.

**ANSWER:**   Denied as a conclusion of law to which no response is required. To the extent the averments of this paragraph are deemed to be factual, they are denied.

10.     It cannot be disputed that the circumstances underlying this legal action are unfortunate and unprecedented. However, the students did not choose these circumstances, and they certainly did not agree to pay tuition and fees for online- only education and services.

**ANSWER:**   Admitted in part, denied in part.  Admitted that the COVID-19 pandemic was unfortunate and unprecedented, and that neither the students—nor F&M—chose to be impacted by a global pandemic. F&M denies the remaining allegations of this paragraph.

11.     It is unfair and unlawful for FMC to retain tuition and fees for campus based in-person education and services that was not provided and to pass the financial losses on to its students.

**ANSWER:**   The averments of this paragraph constitute a conclusion of law to which no response is required. To the extent that a response is required, the allegations are denied. F&M specifically denies that it retained tuition and fees for education and services not provided or that it passed its own financial losses on to its students.

12.     Importantly, Plaintiff does not challenge Defendant's discretion in adhering to federal, state, and local health guidelines, but rather challenges FMC's decision to retain the tuition and fees, paid by Plaintiff and other students for inperson education, experiences, access to campus, and services, without providing such for the entire duration of the Spring 2020 semester.

**ANSWER:**   Denied as a legal conclusion / reframing of Plaintiff's allegations to which no response is required.  To the extent a response is deemed required, denied.

13.     Plaintiff brings this class action for damages and restitution resulting from FMC's retention of the tuition and fees paid by Plaintiff and the other putative Class members for in-person education and services not being provided. Specifically, this lawsuit seeks disgorgement of the prorated, unused amounts of the fees that Plaintiff and other putative Class members paid, but for which they were not provided the benefit, as well as a partial prorated tuition reimbursement representing the difference in fair market value between the on-campus product for which they had paid, and the online product that they received.

**ANSWER:**   Denied as a legal conclusion to which not response is required. This paragraph merely recounts the Plaintiff's characterization of the case and, as such, does not require a response from F&M. To the extent that a response is deemed required, F&M denies that Plaintiff and other alleged putative Class Members were denied the education and services for which tuition and fees were due, denies the fees Plaintiff and others paid were "unused", and denies that there is a difference in "fair market value" between the education Plaintiff and other students were provided over the course of the Spring 2020 semester – which included online instruction for part of the semester and in-person instruction for part of the semester – and that which would have been provided through in-person instruction for the entire semester. F&M denies all remaining allegations of this paragraph.

## PARTIES

14.     Plaintiff, William Doyle, is an adult, who at all relevant times, is a resident and citizen of New York. He paid tuition and fees for the Spring 2020 semester. Beginning in approximately March of 2020, Plaintiff was forced to take his classes remotely, refrained from visiting campus, and prevented from utilizing various on-campus services for which he paid.

**ANSWER:**   Admitted in part, denied in part. Admitted that Plaintiff is an adult; that, at the time of his enrollment at F&M, Plaintiff was a resident and citizen of New York; that Plaintiff and/or his family paid tuition and fees for the Spring 2020 semester; and that beginning on March 23, 2020, courses that were being taught through in-person instruction were transitioned to online instruction, and that campus access was restricted in accordance with the Governor's order. *See* Exhibit A. Denied that Plaintiff was prevented from utilizing available services, as many services provided on-campus were provided in other formats. Moreover, F&M's academic calendar for academic year 2019-2020 reflects that, for students enrolled in courses for the regular full semester schedule -- like Plaintiff -- the transition to online instruction occurred over halfway through the semester. *See* Exhibit B, at VII.

15.     Plaintiff was an undergraduate student enrolled at FMC for the Spring 2020 semester, which was scheduled to run from approximately January 19, 2020 to May 9, 2020. In or around Mid-March 2020, the campus was closed due to the COVID-19 pandemic. Plaintiff paid tuition and fees for an in-person educational experience and access to campus during the Spring 2020 semester, the benefits of which he lost because FMC closed the campus and cut off access to on-campus services, facilities, and extracurricular activities.

> **ANSWER:**    Admitted in part, denied in part. Admitted that Plaintiff was an undergraduate student at F&M for the Spring 2020 semester; that, for students enrolled in courses for the regular full semester schedule – like Plaintiff (though other students attended classes according to other schedules dependent on the program in which the student was enrolled), the first day of classes was January 21, 2020, and the last day of scheduled classes was April 30, 2020, with final exams concluding on May 9, 2020; and that student access to F&M's campus was restricted after March 23, 2020 due to the COVID-19 pandemic. *See* Exhibit A. The reference to "on-campus services, facilities, and extracurricular activities" is insufficiently specific for F&M to respond, particularly as student access to many such resources was continued throughout the semester through varying formats. F&M is without sufficient knowledge or information to form a belief as to whether Plaintiff accessed these resources before or after March 23, 2020.  F&M denies the remaining allegations of this paragraph.

16.     Defendant FMC is a private liberal arts college founded in 1853. Defendant's undergraduate program enrolls students from Pennsylvania as well as throughout other states and countries. Its principal campus is located in the city of Lancaster, Lancaster County, Pennsylvania. Defendant is a citizen of Pennsylvania.

> **ANSWER:**    Admitted in part, denied in pat. Admitted that F&M is a private university founded in 1853 which offers an undergraduate program to students from Pennsylvania as well as throughout other states and countries, and further admitted that F&M's primary campus is located in Lancaster, Pennsylvania. Denied that F&M is a "citizen" of Pennsylvania, but admitted that F&M is an institution of higher education licensed to operate in Pennsylvania.

## JURISDICTION AND VENUE

17.     The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class,

as defined below, is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interests and costs.

**ANSWER:**   The averments of this paragraph constitute a conclusion of law to which no response is required.

18.     This Court has personal jurisdiction over Defendant because many of the acts and transactions giving rise to this action occurred in this District, and because Defendant conducts substantial business by operating its principal campus in this District and soliciting students residing in this District to attend its institution.

**ANSWER:**   The averments of this paragraph constitute a conclusion of law to which no response is required.

19.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because many of the acts and transactions giving rise to this action occurred in this District, specifically, the contracts that are the subject of this action were formed in this District, and the performance and breach of contract also occurred in this District.

**ANSWER:**   The averments of this paragraph constitute a conclusion of law to which no response is required.

## **FACTUAL ALLEGATIONS**

20.     Prior to the COVID-19 pandemic, FMC had a longstanding tradition of offering face-to-face classroom settings on campus.

**ANSWER:**   Admitted in part, denied in part. F&M offers, and had offered prior to the COVID-19 pandemic, courses taught through in-person instruction or through a hybrid method. While it is true that for the Spring 2020 semester, F&M scheduled a majority of courses to be taught through in-person instruction, online methods were available under certain circumstances. F&M denies the remaining allegations of this paragraph.

21.     Upon information and belief, when students register for courses, FMC's electronic course catalog and registration portal list information such as the physical, on-campus location including building, room and times each class was scheduled to meet in.

> **ANSWER:**   Admitted in part, denied in part. This paragraph references pages of F&M's electronic course catalog and registration portal, each of which is a written document, the actual, complete, and accurate contents of which speak for themselves, and any characterizations thereof are denied. To the extent that the allegations contained in this paragraph contradict any written document, they are denied.

22.     To enroll in classes, FMC students are required to pay tuition and some form of mandatory fees. The Spring 2020 semester was scheduled to commence on or about January 19,2020 and end on or about May 9,2020. In or around Mid-March 2020, the campus was closed due to the COVID-19 pandemic.

> **ANSWER:**   Admitted in part, denied in part. F&M requires its students to pay tuition and certain fees to enroll in its classes. The semester was scheduled to commence on January 21, 2020. Classes concluded on April 30, 2020, and final exams were conducted through May 9, 2020. F&M denies that the campus was "closed" in March 2020 as certain students remained on the physical campus.  Moreover, virtual campus activities continued thereafter.

23.     Tuition and fees for the Spring 2020 quarter was approximately $29,300.00, a $55.00 Health Services Fee and a $37.50 Student Activity Fee for fulltime traditional undergraduate student.[1]

> **ANSWER:**   Admitted in part, denied in part. Admitted that for the Spring 2020 semester (not quarter), the tuition for full-time undergraduate students was approximately $29,307.00, and further admitted that students are typically charged fees relating to, *inter alia*, health services and student activities. This paragraph references archived pages of F&M's website, each of which is a written document, the actual, complete, and accurate contents of which speak for themselves, and any characterizations thereof are denied. To the extent that the allegations contained in this paragraph contradict any written document, they are denied.

---

[1]2019-2020 Catalog, Franklin & Marshall College, available at https://web. archive, org/web/20210502190720/https://www. fandm.edu/uploads/file s/43767370380153051-2019-2020-catalog-updated-10-25-19.pdf, pg. 151. (last visited Mar. 8, 2024).

24.     FMC uses its marketing materials, course catalog, and other bulletins to solicit students for its in-person, on-campus academic programs. FMC encourages people to visit its campus on their website.

**ANSWER:**   Admitted in part, denied in part. Admitted that F&M uses marketing materials, such as course catalogs, recruiting events, and a website, to describe its offerings to prospective students. F&M denies the remaining allegations of this paragraph.

25.     FMC also markets its campus and community, and, to its students specifically, FMC highlights the community ideals that set FMC apart from other institutions.[2]

**ANSWER:**   Denied as stated. This paragraph references a page of F&M's website, which is a written document, the actual, complete, and accurate contents of which speak for themselves, and any characterizations thereof are denied. To the extent that the allegations contained in this paragraph contradict any written document, they are denied.

26.     Plaintiff and members of the Class paid their tuition in the Spring 2020 semester to enjoy everything FMC offered them, including on-campus resources, campus community, and in-person education for the entire Spring 2020 term.

**ANSWER:**   Denied.

27.     When enrolling in classes for Spring 2020, Plaintiff and members of the Class chose to enroll in classes offered in-person, to obtain the benefits outlined above.

**ANSWER:**   Denied.

28.     Plaintiff and the members of the Class paid the mandatory fees for the Spring 2020 semester so they could benefit from on-campus services and facilities offered by FMC to its students.

**ANSWER:**   Denied.

29.     Despite Plaintiff and Class Members paying the Spring 2020 semester tuition and Mandatory Fees to attend FMC for in-person and on-campus educational experience, services, and

---

[2] https://www.fandm.edu/index.html (last visited Mar. 8, 2024).

access, FMC failed to provide the promised in-person education for the duration of the entire semester, instead providing only online instruction for part of the Spring 2020 semester.

**ANSWER:** Admitted in part, denied in part. Admitted only that F&M was mandated to provide online instruction by order of the Governor for a portion of the Spring 2020 semester. Except as so admitted, denied.

<u>**A**</u>

30. In Mid-March, 2020, FMC announced that the remainder of the spring semester would be taught remotely. FMC announced that students would be required to leave campus.

**ANSWER:** Admitted in part, denied in part. Admitted only that F&M, per order of the Governor, had to cancel in-person instruction as of March 23, 2020 and thereafter moved all in-person classes to an online format. F&M denies the remaining allegations of this paragraph.

31. FMC did not resume any in-person classes for undergraduate students after the March 16, 2020 announcement. All Spring 2020 classes were only offered in a remote online format with no in-person instruction or interaction.

**ANSWER:** Admitted in part, denied in part. Admitted only that F&M did not hold any in-person classes for undergraduate students between March 23, 2020 and the end of the Spring 2020 term. F&M denies the remaining allegations of this paragraph.

32. Most of the services for which the Mandatory Fee was assessed were also terminated or cancelled at or about this time, such as access to student health and wellness facilities, programs or services; studios and study spaces; fitness facilities; and student events.

**ANSWER:** Admitted in part, denied in part. By way of further response, F&M denies that access to facilities and services was "terminated, cancelled, or severely curtailed," as student access to many resources – including, but not limited to – library resources, recreational activities, health and wellness resources, student organizations, athletic and arts activities, and other programs and services – were continued throughout the semester through varying formats.

33. Although FMC provided prorated refunds for residence hall rooms and dining hall plans, FMC refused to adjust its tuition policies, including its policies governing tuition or the mandatory fees. Under those policies, the shift to exclusive remote online instruction occurred

after students had already registered for course and made the necessary financial obligations to pay the associated tuition and fees.

> **ANSWER:**   Admitted in part, denied in part. Admitted that F&M did offer pro-rated refunds for Spring 2020 room and board fees. Admitted that F&M did not offer tuition refunds in connection with the transition to online learning in light of government-ordered closure related to the COVID-19 pandemic, as F&M continued its operations through the Spring 2020 semester and Plaintiff continued to receive the benefit of those operations, including instruction in the classes in which he enrolled that semester, other services and amenities, and the award of associated academic credits. The remaining allegations of this paragraph are denied.

**B**

34.    At FMC, the median federal loan debt among borrowers who completed their undergraduate degree is $19,000.00.  The median monthly federal loan payment (if it were repaid over 10 years at 5.05% interest) for student federal loan borrowers who graduated from FMC is $201.00.

> **ANSWER:**   It is admitted that, the median federal loan debt among borrowers who completed their undergraduate degree is $19,000. The remaining allegations of this paragraph are denied as F&M is without sufficient information to determine the terms of the "federal loan payment" alleged.

35.    With the campus shut down for the entire term, Plaintiff and the proposed Class have been deprived of the benefits of the on-campus educational experience, services, and access to campus as set forth above. Nevertheless, FMC has refused to refund any portion of the tuition or the Mandatory Fee, despite not providing the on-campus educational product for which students paid.

> **ANSWER:**   Admitted in part, denied in part. Admitted that F&M did not provide tuition and fee refunds when students continued to receive an education and earn credits toward their degrees and received other services from F&M. Further answering, F&M followed its own tuition policies, including its policies governing tuition refunds and the timelines for seeking such refunds, with the transition to online learning occurring well after the ordinary tuition refund deadline, reflecting that the bulk of course instruction had already taken place. *See* F&M Withdraw Fee Schedule, attached as Exhibit "C". The remaining allegations of this paragraph are denied. It is specifically denied that campus was "shut

down for the entire term" or that F&M charged tuition and fees for educational services which were not provided.

36.     Students attending FMC's Spring 2020 term did not choose to attend an online institution of higher learning, but instead chose to enroll in FMC's inperson, on campus educational program.[3]

>    **ANSWER:**    Denied.  By way of further answer, F&M is without sufficient knowledge or information to form a belief as to why unspecified students chose to enroll in courses offered through primarily in-person instruction. The remaining allegations, including the referenced footnote, in this paragraph, are also denied.

37.     During the Spring 2020 term, FMC principally used programs by which previously recorded lectures were posted online for students to view on their own, or by virtual Zoom meetings. Therefore, there was a lack of classroom and experiential learning and interaction between students and professors and among students that students enrolling at FMC paid for.

>    **ANSWER:**    Admitted in part, denied in part. Admitted that after March 23, 2020, F&M faculty taught courses online using methods including, but not limited to, the posting of recorded lectures and other asynchronous recorded material, and the use of live, synchronous instruction over platforms such as Zoom. The remaining allegations of this paragraph are denied. Defendant specifically denies that there was a lack of interaction – classroom and/or otherwise – between students and faculty after March 23, 2020. Defendant further denies that students were deprived of what they allegedly "paid for."

38.     The online formats used by FMC did not require memorization or the development of strong study skills given the absence of any possibility of being called on in class and the ability to consult books and other materials when taking exams.

>    **ANSWER:**    Denied.

39.     Students were deprived of the opportunity for hands-on, experiential, and collaborative learning and in-person dialogue, feedback, and critique.

---

[3] Had Plaintiff and the Class chose to seek online only education, they could have done so at significantly cheaper prices, based on offering in the same geographic location and nationwide. Further academic research shows that online programs are typically the cheaper alternative to traditional in-person and on-campus educational products.

- 12 -

**ANSWER:**   Denied.

40.    Access to facilities such as libraries, laboratories, computer labs, and study rooms, integral to a university education, and access to the myriad activities offered by campus life that foster social development, leadership, wellness, independence, and networking for future careers, are all substantial and material parts of the basis upon which FMC can charge the tuition it charges. Contrary to FMC's promises, these services and facilities were not provided.

**ANSWER:**   Denied.

41.    FMC has not made any refund of any portion of the tuition Plaintiff and the members of the Class paid for the Spring 2020 semester for the period it moved to online distance learning.

> **ANSWER:**   Admitted in part, denied in part.  Admitted that F&M did not offer tuition refunds in connection with the transition to online learning in light of government-ordered closure related to the COVID-19 pandemic, as F&M continued its operations through the Spring 2020 semester and Plaintiff continued to receive the benefit of those operations, including instruction in the classes in which he enrolled that semester, other services and amenities, and the award of associated academic credits. Denied that any such "refunds" were due.

42.    Nor has FMC refunded any portion of the Mandatory Fee it collected from Plaintiff and the members of the Class for the Spring 2020 semester even though Defendant closed or ceased operating the services and facilities for which the Mandatory Fee was intended to pay.

> **ANSWER:**   Admitted in part, denied in part.  Admitted that FMC has not refunded the "Mandatory Fee" for the Spring 2020 semester, as F&M continued its operations through the Spring 2020 semester and Plaintiff continued to receive the benefit of those operations. Denied that any such "refund" was due.

43.    Plaintiff and the Class are therefore entitled to a *pro rata* refund of the tuition and Mandatory Fees they paid FMC for the Spring 2020 semester for the remaining days of that semester after classes moved from in-person to online and facilities were closed.

> **ANSWER:**   The averments of this paragraph constitute a conclusion of law to which no response is required. To the extent a response is required, denied.

## CLASS ACTION ALLEGATIONS

44.     Plaintiff brings this case individually and, pursuant to Rule 23 of the Federal Rules

of Civil Procedure, on behalf of the class defined as:

> All Franklin & Marshall College students who satisfied their payment
> obligations for the Spring Semester 2020 tuition and/or Mandatory Fees and
> enrolled in at least one in-person on-campus class (the "Class").

**ANSWER:**     This paragraphs merely recount the Plaintiff's characterization of the case
and, as such, do not require a response from Defendant. To the extent that a response is
required, denied. Further answering, F&M states that this action is not proper for class
action treatment.

45.     Specifically excluded from the Class *are* all students who received full FMC-

funded scholarships for the Spring 2020 semester, Defendant, Defendant's officers, directors,

agents, trustees, parents, children, corporations, trusts, representatives, employees, principals,

servants, partners, joint ventures, or entities controlled by Defendant, and its heirs, successors,

assigns, or other persons or entities related to or affiliated with Defendant and/or Defendant's

officers.

**ANSWER:**     This paragraph recounts the Plaintiff's characterization of the class and, as
such, do not require a response from Defendant. To the extent that a response is required,
denied. Further answering, F&M states that this action is not proper for class action
treatment.

46.     Subject to additional information obtained through further investigation and

discovery, Plaintiff reserves the right to amend, narrow, or expand the class definitions.

**ANSWER:**     The averments of this paragraph constitute conclusions of law to which no
response is required. To the extent that a response is required, denied. Further answering,
F&M states that this action is not proper for class action treatment.

47.     **Numerosity:** The Class is so numerous that joinder of all members is impracticable.

Although the precise number of Class members is unknown to Plaintiff, FMC reported thousands

of students enrolled for the 2019-2020 school year. The names and addresses of all such students

are known to FMC and can be identified through FMC's records. Class members may be notified

of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

> **ANSWER:**    The averments of this paragraph constitute conclusions of law to which no response is required. To the extent that a response is required, denied. Further answering, F&M states that this action is not proper for class action treatment.

48.    **Commonality:** There are questions of law and fact common to the members of the Class including, without limitation:

a.    Whether FMC accepted money from Plaintiff and the Class members in exchange for the promise to provide an in-person and on-campus educational experience, as well as certain facilities and services throughout the Spring 2020 term;

b.    Whether FMC breached its contracts with Plaintiff and the members of the Class by failing to provide them with an inperson and on-campus educational experience during the entirety of the Spring 2020 term;

c.    Whether FMC breached its contracts with Plaintiff and the Class by transitioning to remote education, and failing to provide the services and facilities to which the Mandatory Fees pertained;

d.    Whether FMC was unjustly enriched by retaining a portion of the tuition and Mandatory Fees during the period of time FMC was closed during the Spring 2020 term, and Plaintiff and the members of the Class were denied an in-person and on-campus educational experience and access and the services and facilities for which the Mandatory Fee was paid; and

e.    The amount of damages and other relief to be awarded to Plaintiff and the

Class members.

**ANSWER:**     The averments of this paragraph constitute conclusions of law to which no response is required. To the extent that a response is required, denied. Further answering, F&M states that this action is not proper for class action treatment.

49.     **Typicality:** Plaintiffs claims are typical of the claims of the members of the Class. Plaintiff and the other Class members each contracted with Defendant for it to provide an in-person and on-campus educational experience for the tuition they paid and the services and facilities for the Mandatory Fees that they paid, that FMC stopped providing for the remainder for the Spring 2020 term.

**ANSWER:**     The averments of this paragraph constitute conclusions of law to which no response is required. To the extent that a response is required, denied. Further answering, F&M states that this action is not proper for class action treatment.

50.     **Adequacy of Representation:** Plaintiff is an adequate class representative because his interests do not conflict with the interests of the other Class members whom he seeks to represent. Plaintiff has retained competent counsel who are experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously. Class members' interests will be fairly and adequately protected by Plaintiff and his counsel.

**ANSWER:**     The averments of this paragraph constitute conclusions of law to which no response is required. To the extent that a response is required, denied. Further answering, F&M states that this action is not proper for class action treatment.

51.     **Predominance.** Common questions of law and fact predominate over any questions affecting only individual Class Members. Similar or identical violations, business practices, and injuries are involved. Individual questions, if any, pale by comparison, in both quality and quantity, to the numerous common questions that dominate this action. For example, Defendant's liability and the fact of damages is common to Plaintiff and each member of the Class. If Defendant breached its contracts to Plaintiff and Class members, then Plaintiff and each Class member suffered damages by that conduct.

52220883.6

**ANSWER:**   The averments of this paragraph constitute conclusions of law to which no response is required. To the extent that a response is required, denied. Further answering, F&M states that this action is not proper for class action treatment.

52.   **Superiority:** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members is relatively small compared to the burden and expense that would be required to individually litigate their claims against FMC, making it impracticable for Class Members to individually seek redress for FMC's wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individual litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court

**ANSWER:**   The averments of this paragraph constitute conclusions of law to which no response is required. To the extent that a response is required, denied. Further answering, F&M states that this action is not proper for class action treatment.

53.   **Ascertainability:** Members of the Class are ascertainable. Class membership is defined using objective criteria, and Class members may be readily identified through Defendant's books and records.

**ANSWER:**   The averments of this paragraph constitute conclusions of law to which no response is required. To the extent that a response is required, denied. Further answering, F&M states that this action is not proper for class action treatment.

## FIRST CLAIM FOR RELIEF
## BREACH OF IMPLIED CONTRACT

54.   Plaintiff repeats and re-allege the factual allegations above, as if fully alleged herein.

**ANSWER:**   F&M incorporates its responses to Paragraphs 1-53 as if fully stated here.

55.   Plaintiff brings this claim individually and on behalf of the members of the Class.

**ANSWER:**   This paragraph does not contain any factual averments to which a response is required. To the extent a response is required, denied.

56.   When Plaintiff and Class members paid FMC tuition and the Mandatory Fees for the Spring 2020 term, FMC agreed to, among other things, provide an in-person and on-campus educational experience as well as the services and facilities to which the Mandatory Fee they paid pertained throughout the Spring 2020 term. As a result, Plaintiff and each member of the Class entered into binding implied contracts with FMC.

**ANSWER:**   Admitted in part, denied in part. F&M admits there was an implied contract between it and its students.  F&M denies the remaining allegations of these paragraphs, and specifically denies that the implied contract in place as of Spring 2020 required F&M to provide in-person instruction or unfettered access to campus in the event F&M was ordered to cease such operations by the government due to an unprecedented global pandemic, and further denied that the implied contract included a promise that F&M would refund tuition and mandatory fees under such circumstances, particularly when Plaintiff and other students continued to receive their education and earned academic credits (which Plaintiff is presumably not offering to relinquish).

57.   When entering into implied contracts, Plaintiff and Class members reasonably believed and expected that FMC would provide them with an on-campus and in-person educational experience, as opposed to remote learning, and use of Defendant's facilities and services for the duration of the entire Spring 2020 semester as mutually agreed and intended in accordance with Defendant's publications, including but not limited to, its marketing materials, course catalogues, and other bulletins, as well as FMC's history and prior course of providing in-person and on-campus education.

**ANSWER:**   Admitted in part, denied in part. F&M admits that there was an implied contract between it and its students. F&M denies the remaining allegations of these paragraphs, and specifically denies that the implied contract required F&M to provide in-person instruction or unfettered access to campus in the event F&M was ordered to cease such operations by the government due to an unprecedented global pandemic, and further denied that the implied contract included a promise that F&M would refund tuition and

mandatory fees under such circumstances, particularly when Plaintiff and other students continued to receive their education and earned academic credits (which Plaintiff is presumably not offering to relinquish).

58.     Plaintiff and Class members fully performed their obligations under their implied

contracts with FMC by registering for classes and paying tuition and the Mandatory Fee.

**ANSWER:    ANSWER:**    Denied as a legal conclusion to which no response is required.  To the extent the averments of this paragraph are deemed to be factual, admitted that Plaintiff paid his tuition and fees for the 2019-2020 academic year.  F&M lacks sufficient information to either admit or deny the allegations of this paragraph with respect to every member of the proposed class, and they are denied accordingly.

59.     Defendant is in possession of all contracts, materials, circulars, advertisements and

the like between Plaintiff and members of the Class on one hand, and FMC on the other.

**ANSWER:**    Admitted in part, denied in part. Admitted that F&M has copies of documents provided to its students. F&M lacks sufficient information to either admit or deny the remainder of this paragraph because it is not clear to which documents exactly Plaintiff is referring, and those averments are denied accordingly.

60.     FMC breached its contracts with Plaintiff and the Class by failing to provide the

promised in-person and on-campus educational experience as well as the services and facilities to

which the Mandatory Fees pertained throughout the Spring 2020 semester, yet has retained monies

paid by Plaintiff and the Class for an on- campus and in-person educational experience and access

to these services and facilities during the entire Spring 2020 semester. Plaintiff and the members

of the Class have therefore been denied the benefit of their bargain.

**ANSWER:**    Denied as a legal conclusion to which no response is required.  To the extent the averments of this paragraph are deemed to be factual, they are denied.

61.     Plaintiff and the members of the Class have suffered damages as a direct and

proximate result of FMC's breach in the amount of the prorated portion of the tuition and

Mandatory Fees they each paid equal to the reduction in contracted for education and services

during the Spring 2020 term when FMC discontinued in-person classes and closed campus

facilities.

- 19 -

**ANSWER:**     Denied as a legal conclusion to which no response is required.  To the extent the averments of this paragraph are deemed to be factual, they are denied.

62.     FMC should return such portions of the tuition and Mandatory Fees to Plaintiff and each Class Member.

**ANSWER:**     Denied.

**SECOND CLAIM FOR RELIEF**
**UNJUST ENRICHMENT**

63.     Plaintiff repeats and re-alleges the factual allegations above, as if fully alleged herein.

**ANSWER:**     F&M incorporates its responses to Paragraphs 1-62 as if fully stated here.

64.     Plaintiff brings this claim individually and on behalf of the members of the Class in the alternative to the First Claim for Relief, to the extent it is determined that Plaintiff and the Class do not have an enforce able contract with FMC regarding the relief requested.

**ANSWER:**     This paragraph does not contain any factual averments to which a response is required. To the extent a response is required, denied. By way of further response, as there is an implied contract between Plaintiff and F&M, his unjust enrichment claim is barred.

65.     Plaintiff and members of the Class conferred a benefit on FMC in the form of tuition and the Mandatory Fees paid for the Spring 2020 term. The payment of this tuition and Mandatory Fees was to be in exchange for an in-person, on- campus educational experience to be provided to Plaintiff and the members of the Class throughout the Spring 2020 semester.

**ANSWER:**     Denied as a legal conclusion to which no response is required.  To the extent the averments of this paragraph are deemed to be factual, they are denied.

66.     FMC knowingly accepted the benefits conferred upon it by Plaintiff and Class members.

**ANSWER:**     Denied as a legal conclusion to which no response is required.  To the extent the averments of this paragraph are deemed to be factual, admitted only that F&M

knowingly accepted tuition and mandatory fees paid by or on behalf of its students. Denied as to remainder of this paragraph.

67.     FMC has retained the full benefit of the tuition and Mandatory Fee payments made by Plaintiff and the members of the Class for the Spring 2020 term— without providing the benefits that Plaintiff and Class members were owed.

**ANSWER:**   Denied as a legal conclusion to which no response is required. To the extent the averments of this paragraph are deemed to be factual, they are denied.

68.     For example, FMC failed to provide Plaintiff and Class Members access to many on-campus facilities and services throughout the entire Spring 2020 term, yet FMC assessed Plaintiff and Class Members with tuition and fees that covered the cost of upkeep and maintenance of such facilities and services.

**ANSWER:**   Denied.

69.     Indeed, as a result of closing campus and moving classes online, FMC saved significant sums of money in the way of reduced utility costs, reduced meaning and staffing requirements, reduced or eliminated hours for hourly employees, reduced or eliminated hours for paid work student students, and otherwise.

**ANSWER:**   Denied.

70.     The costs incurred for having an online only program are significantly lower than the overhead needed to provide classes and services on campus.

**ANSWER:**   Denied.

71.     As a result of FMC's retention of all the tuition and Mandatory Fees paid by Plaintiff and members of the Class during the period of time FMC was closed, Plaintiff and the members of the Class were denied an in-person and on- campus educational experience and access and the services and facilities for which the Mandatory Fees were paid. This was unjust and inequitable under the circumstances.

52220883.6

**ANSWER:**   Denied as a legal conclusion to which no response is required.  To the extent the averments of this paragraph are deemed to be factual, they are denied.

72.   Allowing FMC to retain the full benefit of tuition and Mandatory Fees paid for in-person on campus education and experiences, after reducing the benefit provided and the costs incurred by FMC, unjustly enriched the Defendant.

**ANSWER:**   Denied as a legal conclusion to which no response is required.  To the extent the averments of this paragraph are deemed to be factual, they are denied.

73.   Accordingly, FMC has been unjustly enriched and should return the prorated portion of the tuition and Mandatory Fees that Plaintiff and Class members each paid equal to the reduction in benefit for education and services during the remainder of the Spring 2020 semester when FMC discontinued in-person classes and closed campus facilities.

**ANSWER:**   Denied as a legal conclusion to which no response is required.  To the extent the averments of this paragraph are deemed to be factual, they are denied.

## <u>AFFIRMATIVE DEFENSES</u>

2.   The foregoing paragraphs of this Answer are hereby incorporated by reference.

3.   Plaintiff's claims are barred, in whole or in part, by the educational malpractice doctrine because Plaintiff is claiming that he received a less valuable education than he was promised.

4.   Plaintiff's claims are barred, in whole or in part, by the terms, conditions, exclusions, and limitations contained in the parties' agreement.  That agreement provided that no refunds would be issued for tuition if F&M changed the modality of instruction.

5.   Plaintiff's unjust enrichment claims are barred because a contract exists concerning the payment and refund of tuition and mandatory fees.

6.   Plaintiff's claims are barred, in whole or in part, because Plaintiff, and/or proposed class members, have not suffered any damages attributable to an action or inaction of F&M as

opposed to other actions like the government orders that precluded F&M from providing in-person instruction and unfettered access to its campus after March 23, 2020.

7.      Though F&M expressly denies that Plaintiff, and/or proposed class members, have incurred any damages attributable to an action or inaction of F&M, any damages Plaintiff, and/or proposed class members, claim to have incurred were caused by facts, actions, or events having nothing to do with F&M.

8.      Plaintiff's claims are barred, in whole or in part, by the doctrines of impossibility, impracticability, and frustration of purpose. Given the government orders requiring F&M to cease in-person instruction and restrict access to its campus, F&M could not provide those services to students after March 23, 2020.

9.      Plaintiff's claims are barred, in whole or in part, by the defense of accord and satisfaction.

10.     Plaintiff's claims are barred, in whole or in part, because Plaintiff, and/or the proposed class members, have failed to mitigate any alleged damages.

11.     Plaintiff's claims are barred, in whole or in part, because any judgment or recovery in favor of Plaintiff, and/or the proposed class members, would constitute unjust enrichment.

12.     Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands, laches, and/or waiver.

13.     F&M may have additional defenses that cannot now be articulated due to the generality of Plaintiff's pleadings, the fact that no class has been certified, and the fact that discovery has been limited thus far. Accordingly, F&M expressly reserves the right to supplement or amend the foregoing and to plead any and all additional defenses available under the law.

WHEREFORE, Defendant Franklin & Marshall College respectfully requests that this Court enter judgment in its favor, together with costs, fees, and any other relief this Court deems just and proper.

Dated: May 13, 2024

Respectfully submitted,

*/s/ John A. Marty*_____
John A. Marty, Esq. (PA 324405)
Saul Ewing LLP
One PPG Place
Suite 3010
Pittsburgh, PA 15222
412-209-2566
john.marty@saul.com

James A. Keller, Esq. (PA 78955)
Saul Ewing LLP
1500 Market Street, 38th Floor
Philadelphia, PA 19104
215-972-1964
james.keller@saul.com

James A. Morsch, Esq. (*pro hac vice forthcoming*)
Saul Ewing LLP
161 N. Clark Street, #4200
Chicago, IL 60601
312-876-7866
jim.morsch@saul.com

*Counsel for Defendant*

- 24 -

52220883.6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the

United States District Court for the Eastern District of Pennsylvania by using the CM/ECF

system. I certify that all participants in the case are registered CM/ECF users, and that service

will be accomplished by the CM/ECF system.


*/s/ John A. Marty*
John A. Marty, Esquire


Dated: May 13, 2024