UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM DOYLE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FRANKLIN & MARSHALL COLLEGE,<br><br>Defendant. | Case No. 5:24-cv-01024-JLS |

**DECLARATION OF NICHOLAS A. COLELLA IN SUPPORT
OF PLAINTIFF'S UNOPPOSED MOTION TO PRELIMINARILY APPROVE CLASS
ACTION SETTLEMENT, CERTIFY THE CLASS, APPOINT CLASS COUNSEL,
APPROVE PROPOSED CLASS NOTICE,
AND SCHEDULE A FINAL APPROVAL HEARING**

I, Nicholas A. Colella, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a partner at the law firm of Lynch Carpenter, LLP ("Lynch Carpenter"), and one of the attorneys representing Plaintiff William Doyle ("Plaintiff"), and the proposed Class in the above-captioned action against Defendant Franklin & Marshall College ("F&M" or "Defendant") (and with Plaintiff, the "Parties").

2. I provide this Declaration in support of Plaintiff's Unopposed Motion to Preliminarily Approve Class Action Settlement, Certify the Class, Appoint Class Counsel, Approve Proposed Class Notice, and Schedule a Final Approval Hearing.

3. I have personal knowledge of all matters set forth herein and would testify competently to them if called upon to do so.

4. Plaintiff filed this action to recover a partial refund of retained tuition and fees owed to Plaintiff, who commenced this action on behalf of himself and a putative class of individuals

1

who paid tuition and/or fees to attend F&M for in-person, hands-on educational services and access for the Spring 2020 semester and had their course work moved to online only learning.

5. During the course of this litigation, the Parties engaged in informal and confirmatory discovery via the mediation process.

6. While the Parties did not complete formal discovery, the information F&M produced and the publicly available financial information that was reviewed by Class Counsel provided the information needed for Class Counsel to objectively evaluate the strengths and weaknesses for Plaintiff's and Settlement Class Members' claims.

7. The Parties have entered into a Settlement Agreement, attached hereto as Exhibit 1, following a full-day mediation session overseen by Hon. Thomas J. Rueter (Ret.) on September 27, 2024. The Parties reached a settlement in principle during the mediation session, and only after numerous rounds of demands and counteroffers. The proposed Settlement Agreement will resolve all pending claims in the litigation for the approximately 2,000 Settlement Class Members.

8. The Parties did not negotiate the amount of Case Contribution Award to Plaintiff until after the key provisions of the Settlement Agreement, including the amount of relief to the Settlement Class, were agreed upon.

9. Other than the Settlement Agreement itself, there are no other additional agreements involving the parties related to this Settlement.

10. Following the successful mediation session, the Parties spent significant time drafting and revising drafts of the full Settlement Agreement, proposed notices, proposed orders, and selecting the Settlement Administrator. At all times, these negotiations were at arm's length, courteous, professional, intense, and hard-fought on all sides.

11. Plaintiff provided substantial assistance that allowed Class Counsel to successfully prosecute and resolve this action, and his interests are aligned with those of the Settlement Class. Plaintiff has performed valuable services for the Settlement Class, including bringing his claims to Class Counsel, agreeing to serve as the representative plaintiff, reviewing the complaint, providing information and documentation, where available, to Class Counsel, and approving the Settlement and consenting to the submission of the proposed Settlement for the Court's approval.

12. The Settlement Agreement will provide Settlement Class Members with significant monetary relief in the amount of a non-reversionary cash payment of $750,000 into a settlement fund. Under the Settlement Agreement, the settlement fund shall be used to pay court-approved attorneys' fees and reasonable litigation costs, fees, and expenses for the Settlement Administrator, and any court-approved Case Contribution Award to the Plaintiff, in recognition of the risks and benefits of his participation and substantial services he performed. After all applicable fees, expenses and awards are deducted, the Net Settlement Fund will be allocated *pro rata* to each Settlement Class Member based on the formula set forth in the Agreement.

13. This case and the proposed Settlement are the product of significant investigation of Plaintiff's and Class Members' claims. Class Counsel conducted extensive and lengthy research into the issues presented in this matter, including reviewing information produced by F&M and publicly available financial documents pertaining to F&M, and analyzed the applicable legal precedents and previous settlements in similar cases.

14. Based on the information obtained through informal discovery, Class Counsel's independent investigation of the relevant facts and applicable law to assess the merits of the claims to be resolved in the Settlement Agreement and how best to serve the Settlement Class, and Class Counsel's broad experience with other complex and novel cases, Class Counsel determined that

the Settlement is fair, reasonable, adequate, and in the best interest of the Settlement Class, especially when taking account of the immediate benefits that the Settlement provides compared to the risks, uncertainties, delays, and costs of continued litigation.

15. For the purposes of effectuating individualized, direct Notice, Short Form Notice will be provided to each Settlement Class Member by email (where available) and direct mail (where email is not available) with pertinent information regarding the Settlement Agreement. To effectuate the Short Form Notice, F&M will provide the Settlement Administrator with a list from the College Registrar's records that includes the names and last known email address and postal address, to the extent available, belonging to all Settlement Class Members. Class Counsel is confident that the addresses of nearly all Settlement Class Members will be ascertained by the time Notice is issued.

16. The Settlement Administrator shall also establish a Settlement Website, which will include the Settlement Agreement, relevant pleadings, the Long Form Notice, any relevant Court orders regarding the Settlement, and a list of frequently asked questions mutually agreed upon by the Parties. The Long Form Class Notice describes plainly: (i) the terms and effect of the Settlement Agreement; (ii) the time and place of the Final Approval Hearing; (iii) how the recipients of the Class Notice may object to the Settlement; (iv) the nature and extent of the release of claims; and (v) the form and methods by which Settlement Class Members may either participate in or exclude themselves from the Settlement.

17. In addition to the Short Form Notice and Long Form Notice, Notice will be effectuated by posting a direct link to the Settlement Website on F&M's own website. I believe the proposed Notice Plan represents the best practicable Notice to Settlement Class Members and

4

satisfies all due process considerations and meets the requirements of Federal Rule of Civil Procedure 23(e)(1)(b).

18.  Class Counsel has significant experience in consumer class-action litigation, including university tuition refund actions such as this one. I, and Lynch Carpenter, have been appointed as interim lead counsel, and, as Class Counsel, in a number of analogous cases across the country: *See, e.g., Ramey v. The Pennsylvania State University*, No. 2:20-cv-753 (W.D. Pa.); *Nouri v. University of Scranton*, No. 3:23-cv-1362 (M.D. Pa.); *Alunni v. Lebanon Valley College*, No. 1:23-cv-01424 (M.D. Pa.); *Cantave v. Saint Joseph's University*, No. 2:23-cv-03181 (E.D. Pa.); *Engel v. Gannon Univ.*, No. 1:23-cv-244 (W.D. Pa.); *Felix, et al. v. Roosevelt Univ.*, No. 20-cv-4793 (N.D. Ill. Nov. 12, 2020); *Pfingsten, et al. v. Carnegie Mellon Univ.*, No. 20-cv-00716 (W.D. Pa. Aug. 26, 2020); *Ryan, et al. v. Temple Univ.,* No. 20-cv-02164 (E.D. Pa. Aug. 21, 2020); *Polley, et al v. Northwestern Univ.*, No. 1:20-cv-04798 (N.D. Ill. Nov. 2, 2020); *Kincheloe, et al v. Univ. of Chicago*, No. 1:20-cv-3015 (N.D. Ill. Feb. 1, 2021); *Vakilzadeh, et al. v. The Trustees of The California State University*, No. 20STCV23134 (Los Angeles Sup. Ct Nov. 4, 2021)[1]; *Levin, et al. v. The Board of Regents of the University of Colorado*, No. 2020CV31409 (Denver Dist. Ct. July 19, 2023) (granting final approval of class settlement); *Okolo v. Maryville University of St. Louis*, No. 20SL-CC02850 (21st Judicial Circuit Ct., St. Louis County, MO Feb. 9, 2021); *Waitt v. Kent State University*, No. 2020-00392JD (OH Ct. of Cl. Mar. 2, 2022); *Duke v. Ohio University*, No. 2021-00036JD (OH Ct. of Cl. Mar. 9, 2022); *Smith v. University of Pennsylvania*, No. 2:20-cv-02086 (E.D. Pa. Jan. 18, 2023) (granting final approval of class settlement); and *Figueroa, et al. v. Point Park University*, No. 2:20-cv-1484 (W.D. Pa. Dec. 5, 2023) (granting final approval of class settlement). I have also been appointed interim co-lead counsel in *In re*

---

[1] Lynch Carpenter was appointed as part of Plaintiffs' Consensus Committee.

*Fortra File Transfer Software Data Security Breach Litigation*, No. 24-md-3090 (S.D. Fla.) (*Imagine360* track); *In re Hankins Plastic Surgery Associates, P.C. dba Hankins & Sohn Plastic Surgery Associates*, No. 23-cv-824 (D. Nev.); *In re Imagine360, LLC Data Security Incident Litigation* (E.D. Pa.); *In re: BPS Direct, LLC and Cabela's LLC, Wiretapping*, MDL 3074 (E.D. Pa.); *Jackson v. Suffolk University* (D. Mass.); class counsel in *Lewandowski v. Family Dollar Stores, Inc.* (W.D. Pa.); and as a member of the plaintiffs' steering committee in *Baker v. ParkMobile, LLC* (N.D. Ga.).

19. As demonstrated herein and further throughout Lynch Carpenter's firm resume, attached hereto as Exhibit 2, I have direct experience serving as Interim Co-Lead and Class Counsel of complex cases, and Lynch Carpenter has served as lead counsel in hundreds of complex cases, and maintains an active class action practice, handling all aspects of class actions from investigation and discovery through trial and appeal.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 27, 2025　　　　*/s/ Nicholas A. Colella*
in Pittsburgh, Pennsylvania　　　　　　Nicholas A. Colella

6